James Edward BOWLES,
Petitioner-Appellant,

v.

Paula TENNANT, Commissioner, United States Parole Commission, United States Bureau of Prisons, Respondent-Appellee.

No. 79–2553.

United States Court of Appeals,
Ninth Circuit.

Feb. 19, 1980.

Sheldon Sherman, San Diego, Cal., argued, for petitioner-appellant; Michael D. Stein, San Diego, Cal., on brief.

Robert Biniaz, Los Angeles, Cal., argued, for respondent-appellee; John D. Robertson, Los Angeles, Cal., on brief.

Appeal from the United States District Court for the Central District of California. The Honorable Robert Firth, Presiding.

Before CHOY and HUG, Circuit Judges, and BILBY *, District Judge.

HUG, Circuit Judge:

James Edward Bowles was convicted in federal court of interstate transportation of stolen property in violation of 18 U.S.C. § 2314 and was sentenced to a prison term of eight years. He brought this federal habeas action pursuant to 28 U.S.C. § 2241, alleging that the procedures through which the United States Parole Commission denied him parole violate due process. Bowles appeals from the district court's order denying his habeas petition. We affirm.

An initial parole hearing for Bowles was held approximately three months after he began serving his federal sentence. After the hearing, the Parole Commission denied Bowles early parole and continued his case for further review at a later date. Soon after the hearing, the Commission issued a "notice of action," which informed Bowles that the severity of his offense had been rated as "greatest" because of the connection of his offense to violent robberies. After exhausting administrative remedies, Bowles brought this habeas action.

On appeal, Bowles argues that (1) the procedure used by the Commission is subject to judicial review for violations of due process, and (2) the Commission violated due process in this case by failing to give advance notice of the Commission's intention to consider the circumstances surrounding Bowles's offense and by failing to disclose the information on which the Commission based its characterization of the of-

---

* The Honorable Richard M. Bilby, United States District Judge for the District of Arizona, sitting by designation.

778

fense. In addressing these issues, we draw guidance from the Supreme Court's recent decision in *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).

■ In *Greenholtz*, the majority of the Court held that statutory provision for the mere possibility of parole does not create a liberty interest entitled to the protection of due process. 442 U.S. at 9–11, 99 S.Ct. at 2104–06, 60 L.Ed.2d at 676–78. The Court concluded, however, that the "unique structure and language" of the Nebraska parole statute provided an expectation of parole sufficient to create a liberty interest "entitled to some measure of constitutional protection." *Id.*, 442 U.S. at 12, 99 S.Ct. at 2106, 60 L.Ed.2d at 678–79. That statute provides that the Nebraska parole board "shall order" the release of a prisoner eligible for parole unless the board, upon consideration of four predictive factors, concludes that parole should be deferred. *Id.*, 442 U.S. at 11, 99 S.Ct. at 2106, 60 L.Ed.2d at 678.

It is an open question whether the federal parole statute, too, provides an expectation of parole sufficient to create a protectible liberty interest. *See, e. g., Shahid v. Crawford*, 599 F.2d 666, 670 n.5 (5th Cir. 1979). An important factor in this question is the presence or absence of mandatory language in the federal statute. *See Boothe v. Hammock*, 605 F.2d 661 (2nd Cir. 1979); *Griffeth v. Detrich*, 603 F.2d 118, 120–21 (9th Cir. 1979).

The federal parole statute provides that an eligible prisoner with a record of good behavior "shall be released" if the Commission determines:

(1) that release would not depreciate the seriousness of his offense or promote disrespect for the law; and

(2) that release would not jeopardize the public welfare . . . . .

18 U.S.C. § 4206(a). This mandatory language, however, is qualified by subsection (c), which allows the Commission to deny parole for good cause, regardless of the guidelines set forth in subsection (a), provided that the prisoner is furnished written notice stating the reason for the denial and summarizing the information relied upon. 18 U.S.C. § 4206(c).

It is apparent that the mandatory language of the federal parole statute, as qualified by subsection (c), provides an expectation of parole no greater than that provided by the Nebraska statute. Therefore, at most, the federal statute creates a liberty interest entitled to the limited protection of due process held by the majority in *Greenholtz* to apply to parole procedures under the Nebraska statute. We need not define precisely the process that is due a federal prisoner eligible for parole, nor need we decide whether the federal parole statute creates a liberty interest entitled to the protection of due process at all, because we find that the Parole Commission in this case did not violate the requirements of due process applied by the Court in *Greenholtz*.

■ First, we reject Bowles's argument that the Parole Commission violated due process by failing to disclose the information on which the Commission based its characterization of the robberies to which Bowles's offense related.[1] In *Greenholtz*, six Justices agreed that a parole board is not constitutionally required to issue a summary of the evidence supporting its decision to deny parole. 442 U.S. at 14, 99 S.Ct. at 2107–08, 60 L.Ed.2d at 680–81 (majority opinion), 442 U.S. at 20–21, 99 S.Ct. at 2110, 60 L.Ed.2d at 684 (Powell, J., concurring). Moreover, Bowles conceded to the district court that the circumstances surrounding Bowles's offense were mentioned at the initial parole hearing.

■ Second, Bowles was not entitled to prehearing notice that the Commission could or would consider the violent nature of the robberies in rating the severity of

1. Under 18 U.S.C. § 4206(c), the Commission is required to issue a summary of the evidence upon which a denial of parole is based if the Commission's decision is based on factors other than those set forth in section 4206(a). In this case, however, the Commission based its decision on factors included within subsection (a).

Bowles's related offense. Bowles relies primarily on our decision in *Grattan v. Sigler*, 525 F.2d 329 (9th Cir. 1975), in which we held that the predecessor to the Parole Commission improperly failed to give a prisoner reasonable notice of the basis for the severity rating of his offense, thereby preventing the prisoner from disputing the basis for the rating. *Grattan* and this case are distinguishable, however, because the prisoner in *Grattan* remained uninformed throughout his administrative appeal. In this case, Bowles was informed of the basis for his offense severity rating in the "notice of action" after the initial hearing. If Bowles wished to dispute that rating with evidence not available to him at the initial hearing, he could have raised that issue on administrative appeal. *See* 28 C.F.R. § 2.25(f) (1976); *cf.* 28 C.F.R. § 2.25(f) (1979) (grounds for regional appeal set forth with greater specificity). Finally, the majority of the *Greenholtz* Court rejected the argument that a parole board must give a prisoner advance notice of the factors that may be considered at the parole hearing. 442 U.S. at 14, 99 S.Ct. at 2107, 60 L.Ed.2d at 680 n.6.

The district court correctly denied Bowles's petition for federal habeas relief. The judgment of the district court is affirmed.