**Sylvester PECK, Appellant,**

v.

**Richard BATTEY, Individually, as Chairman of Board, and Members, Milton Kuhl, Arthur L. Canary and Harold Shunk, Appellees.**

**No. 82–1897.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1983.

Decided Dec. 1, 1983.

---

Richard L. Johnson, Sioux Falls, S.D., for appellant.

David O. Carter, Swanson, Carter & Dow, Sioux Falls, S.D., for appellees.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

FAGG, Circuit Judge.

■ Sylvester Peck, an inmate at the South Dakota State Penitentiary, claims he was denied due process by the South Dakota Board of Pardons and Paroles when the Board failed to provide him with reasons for the denial of his requests for commutation of sentence and for parole. The district court granted the Board's motion for summary judgment after concluding that (1) the South Dakota statute authorizing a commutation of sentence does not give rise to a due process right to a statement of reasons if the request for a commutation is denied, and (2) Peck did not have standing to challenge the policy of denying parole without reasons because he was not eligible for parole when his complaint was filed. We affirm with directions.

Prior to filing this action in district court, Peck appeared before the South Dakota Board of Pardons and Paroles on three occasions to request a sentence commutation. On each occasion, Peck's request for commutation of his sentence was denied. No reasons for the denials were provided.

In December of 1979, Peck filed suit under 42 U.S.C. § 1983 claiming that the Board's failure to provide him with reasons for the denials violated his due process

rights. Peck further challenged the Board's practice of denying applications for parole without providing the inmate reasons for the denial. In March of 1982, Peck's court-appointed counsel and the Board filed cross-motions for summary judgment. In April of 1982, Peck became eligible to request parole, and on April 23, 1982, Peck appeared before the Board for that purpose. Peck's request for parole was denied without explanation. On July 9, 1982, Peck filed a supplementary affidavit explaining his eligibility to request parole in April and the denial of his request without explanation. On that same day, the district court entered an order granting the Board's motion for summary judgment and on July 15, 1982, the court entered an order dismissing Peck's complaint with prejudice.

In concluding that the Board's summary denial of Peck's requests for commutation of sentence did not amount to a denial of due process, the district court relied on *Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981). In *Dumschat*, a Connecticut inmate challenged the summary denial of his request for commutation of his life sentence. The inmate alleged that because over seventy-five percent of all life-term inmates received commutations, he had a constitutionally protected expectancy of commutation. The Court rejected this argument, holding first, that an inmate has no " 'constitutional or inherent right' to commutation of his sentence," and second, that the inmate's expectation of commutation, resulting from the seventy-five percent commutation rate, is still no more than a "unilateral hope" when the statute conferring the authority to commute sentences is "expressly discretionary." *Dumschat, supra*, 452 U.S. at 464–65, 101 S.Ct. at 2464. *Dumschat* distinguished the Court's previous decision in *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 12, 99 S.Ct. 2100, 2106, 60 L.Ed.2d 668 (1979), that held the Nebraska parole statute gives rise to a protectable liberty interest. The Nebraska statute expressly mandated that the parole board "shall" order the inmates' release "unless"

it decided that one of four specified reasons for denial was applicable, *id.* at 11–12, 99 S.Ct. at 2105–06, whereas the Connecticut commutation statute had no definitions, set no criteria for commutation, and contained no mandated "shalls." *Dumschat, supra*, 452 U.S. at 466, 101 S.Ct. at 2465.

The South Dakota statute, like the Connecticut statute in *Dumschat*, contains no definitions, no criteria, and no mandated "shalls." *See* S.D. Codified Laws Ann. ch. 24–14. It merely grants the Governor the power to delegate the authority to hear clemency applications to the Board. S.D. Codified Laws Ann. § 24–14–1. The Board then makes written recommendations to the Governor, who is not bound by those recommendations. S.D. Codified Laws Ann. § 24–14–5. Since the Board is not required to recommend commutation in any particular circumstances and the Governor is not required to follow the Board's recommendations, Peck cannot be said to have a statutorily created expectation of commutation. Thus, Peck is not entitled to a statement of the reasons for denial of his requests for commutation.

■ Peck also argues that the district court's finding that he lacked standing to challenge the Board's policy of summarily denying parole was erroneous as a matter of law, because Peck notified the court of the April 1982 parole denial prior to the court's order. The court found that Peck "was not eligible for parole when this complaint was filed" and reasoned that the fact that Peck became "eligible for parole in the interim does not change the issues raised by the current pleading." Peck's pleadings, strictly speaking, were defective at the time the court issued its order. Peck's complaint and reply to the Board's answer merely alleged in essence that Peck was entitled to challenge the policy because of his status as an inmate who would eventually be subject to the Board's parole policy. It is clear, however, that Peck's supplemental affidavit alleged a direct injury, i.e., denial of parole in April 1982 without being provided a statement of reasons for the denial, thus entitling Peck to his day in court. We

direct that Peck's claim respecting the denial of parole without reasons be dismissed without prejudice to Peck refiling his claim in district court. Affirmed with directions.