877 F.2d 777
 INVESTORS RESEARCH COMPANY, et al., Petitioner,
v.
UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF
CALIFORNIA, Respondent.
Southern California Meat Cutters Union and Food Employers
Pension Trust Fund, An Express Trust, et al., Real
Parties in Interest.
 No. 89-70202.
 United States Court of Appeals,
Ninth Circuit.
 June 8, 1989.
 
 Before BROWNING, THOMPSON and LEAVY, Circuit Judges.
 
 ORDER
 
 1
 Petitioners seek a writ of mandamus to order the consolidation of two cases proceeding before different judges in the same district court. The petitioners are defendants in both cases. The cases were randomly assigned to different judges. The plaintiffs in both cases are represented by the same firm and filed a notice of related cases after filing the complaint in the second case. The district court judge assigned to the first case declined without comment to accept transfer of the second case to his calendar. The petitioners moved to consolidate the cases. The district court judge denied the motion, stating in the order that "a related case transfer has been denied, and ... consolidation is not possible when actions are pending before different judges."
 
 
 2
 Federal Rule of Civil Procedure 42(a) states: "When actions involving a common question of law or fact are pending before the court, it ... may order all the actions consolidated...." The district court has broad discretion under this rule to consolidate cases pending in the same district. See 9 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2383 (1971); A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co., 559 F.2d 928 (4th Cir.1977). Here, the district court has never exercised its discretion on the motion to consolidate. Within 30 days of the date of this order, the district court shall file an answer to the petition for writ of mandamus.