5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Amir H. SHERVIN, Plaintiff-Appellant,
v.
CALIFORNIA STATE POLICE DEPARTMENT; Al Perez; Sam
Williams; Jerry Everett; City of San Francisco;
San Francisco General Hospital,
Defendants-Appellees.
 No. 92-15478.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 9, 1993.*
Decided Aug. 18, 1993.
 
 Appeal from the United States District Court for the Northern District of California; No. CV 86-4851 FMS, Fern M. Smith, District Judge, Presiding.
 N.D.Cal.[APPEALING AFTER REMAND FROM 925 F.2d 1470.]
 AFFIRMED.
 Before: SNEED, POOLE and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Amir H. Shervin appeals the district court's grant of the defendants' summary judgment and dismissal motions. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm the judgment of the district court.
 
 I.
 
 3
 This appeal arises from consolidated civil rights actions brought by Shervin against the defendants. In those actions, Shervin alleges, inter alia, that the defendants, in both 1986 and 1990, conspired to violate and violated his civil rights by unlawfully invading his home, assaulting him and placing him in custody. The district court on remand[1] granted the defendants' dismissal and summary judgment motions, finding that (1) the state defendants were immune from suit under the Eleventh Amendment; (2) Shervin failed to set forth specific facts showing that genuine issues of material fact existed under Federal Rule of Civil Procedure 56(c); (3) the individual defendants were entitled to qualified immunity; and (4) Shervin failed to state a claim for relief against the City of San Francisco or San Francisco General Hospital.[2] Shervin now appeals to this court.
 
 II.
 
 4
 The court reviews de novo the district court's grant of summary judgment. Roberts v. Continental Ins. Co., 770 F.2d 853, 855 (9th Cir.1985). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c).
 
 
 5
 The court also reviews de novo dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In reviewing the complaint, the court accepts the allegations contained therein as true and construes them in the light most favorable to the plaintiff. Dismissal is proper only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Arcade Water Dist. v. United States, 940 F.2d 1265, 1267 (9th Cir.1991); see Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 II.
 
 6
 Shervin neither submitted evidence nor otherwise controverted the defendants' supporting evidence in his opposition to the defendants' summary judgment motions. "[A]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Federal Rule of Civil Procedure 56(e); Celotex Corporation v. Catrett, 477 U.S. 317, 324 (1986). Although Shervin argues that the district court erred in not allowing his case to proceed to trial, there are simply no factual issues in dispute.
 
 
 7
 The evidence presented by the defendants shows that the officers went to Shervin's home to ask him questions about his potentially threatening phone calls to the Governor of the State of California. In the first encounter, Shervin was not arrested or physically detained. The government may question any individual for any reason as long as the person to whom questions are put remains free to disregard the questions; such an encounter is not a seizure. See United States v. Mendenhall, 446 U.S. 544, 555, 561 (1980). "Only when an officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude a seizure has occurred." Terry v. Ohio, 392 U.S. 1, 19 n. 16 (1968). There is no showing that the police officers' first encounter with Shervin were anything but consensual. See United States v. Al-Azzawy, 784 F.2d 890, 895 (9th Cir.1985), cert. denied, 476 U.S. 1144 (1986); United States v. Patino, 649 F.2d 724, 728 (9th Cir.1981). In his second encounter, Shervin was placed under protective custody after the officers were given reason to believe that he could be a danger to himself or others. Such detention, when based on a reasonable belief of potential harm, is constitutionally permissible. See Maag v. Wessler, 960 F.2d 773, 775-76 (9th Cir.1991).
 
 
 8
 As there is no evidence showing that the officers' encounters with Shervin were nonconsensual or that their belief of potential harm was unreasonable, the district court did not err in granting summary judgment in the defendants' favor. Shervin's argument that he was entitled to go to trial is belied by his failure to raise a genuine issue of fact supporting his allegations. Additionally, where there is no showing that the individual officers violated clearly established law, they are entitled to a finding of qualified immunity on summary judgment. See Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir.1993).
 
 
 9
 Shervin further argues that the district court's ruling on immunity under the Eleventh Amendment is erroneous. However, because the California State Police is an arm of the state, California Government Code Sec. 11000, the Eleventh Amendment prohibits a federal suit against it under section 1983. Kentucky v. Graham, 473 U.S. 159, 169 and n. 17 (1985). Nor is it subject to liability under section 1983 generally. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1990).
 
 
 10
 Shervin further argues that the district court should have allowed him to amend his complaint instead of entering judgment against him. But Shervin never requested leave to amend; moreover, in light of the purely legal defects in his complaint, there was no basis for granting such leave in this case. See Levald, Inc. v. City of Palm Desert, No. 91-56315, slip op. at 7123 (9th Cir. July 8, 1993).
 
 
 11
 Shervin further argues that the district court erred in consolidating his actions and in reassigning them to one judge. Federal Rule of Civil Procedure 42(a) provides for the consolidation of cases having common questions of law or fact. See Investors Research Co. v. United States District Court for the Central District of California, 877 F.2d 777 (9th Cir.1989). Because these commonalities were present in this case, consolidation was not an abuse of discretion. Furthermore, reassignment to another judge is both a necessary and permissible consequence of a decision to consolidate. See id. Additionally, Shervin fails to show how consolidation and reassignment prejudiced him. There is nothing in the record to support Shervin's allegations of judicial misconduct requiring recusal under 28 U.S.C. Sec. 455. Mere adverse rulings are insufficient to support such a claim. See United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986).
 
 
 12
 Shervin further argues that the defendants' removal of one of his cases to federal court was error. Aside from Shervin's failure to preserve this issue for appeal by moving for remand below, see Karambelas v. Hughes Aircraft Co., 992 F.2d 971, 973 (9th Cir.1993), the district court obviously had jurisdiction over Shervin's federal causes of action under 28 U.S.C. Sec. 1441(b).
 
 
 13
 Shervin also argues that he was wrongfully denied appointed counsel. However, a civil plaintiff only has the right to such counsel under 28 U.S.C. Sec. 1915(d) in extraordinary circumstances. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990), citing, Wilborn v. Escalderon, 789 F.2d 1328, 1330-31 (9th Cir.1986). Shervin has not shown the existence of any such circumstances.
 
 
 14
 Finally, although Shervin argues that he was denied discovery by the court and the defendants that was vital to his opposing the summary judgment motion, the record shows that Shervin's failure to provide the court with the names of unserved defendants and to pay the defendants the cost of obtaining the requested audiotape of his 1986 encounter were the causes of his inability to obtain additional discovery. Moreover, it does not appear that Shervin was prejudiced by his failures.[3]
 
 
 15
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Shervin v. Perez, et al., No. 87-2171, etc; mem. disp. (9th Cir. Feb. 6, 1991), we reversed the district court's dismissal of Shervin's action pursuant to Federal Rule of Civil Procedure 37 and remanded for further proceedings
 
 
 [2]
 Neither the City of San Francisco nor San Francisco General Hospital has filed a brief or made an appearance on appeal
 
 
 [3]
 The defendants introduced the transcript of the audiotape that Shervin failed to obtain in support of their summary judgment motion. Further, there is no proof that the unserved defendants actually existed