78 F.3d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lee Five X WOODS, Plaintiff-Appellant,
v.
Samuel A. LEWIS; J.C. Keeney; John R. Thompson; John R.
Hallahan; Fred Ballard; P. Weimeschkirch;
Charles Flanagan; C. Vincifora;
Chaplain Kennedy, Defendants-Appellees.
 No. 95-15985.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 4, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lee Five X Woods, an Arizona state prisoner, appeals pro se the district court's dismissal for failure to obey a court order and for mootness of his 42 U.S.C. § 1983 action against defendant prison officials. Woods alleged that defendants violated Woods's civil rights by prohibiting him from receiving two religious books. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, and reverse in part, and remand.
 
 
 3
 After independently reviewing the record, we conclude that the district court abused its discretion by dismissing Woods's action for failure to appear at his court-ordered deposition because the district court failed to warn Woods before dismissing his action. See Johnson v. United States Dep't of the Treasury, 939 F.2d 820, 825-26 (9th Cir.1991) (court should consider lesser sanctions and warn a litigant before resorting to dismissal).
 
 
 4
 We reject Woods's contention, however, that he is entitled to have another inmate assist him at his deposition because the right to such assistance does not extend to matters involving legal representation. Cf. Storseth v. Spellman, 654 F.2d 1349, 1355 (9th Cir.1981) (writ writers may not engage in the practice of law as an inmate's legal representative); accord Bonacci v. Kindt, 868 F.2d 1442, 1443 (5th Cir.1989) (an inmate does not have a constitutional right to have another inmate assist him at a hearing).
 
 
 5
 Although Woods's request for injunctive relief has been rendered moot by the defendants' tender of the books to Woods and his rejection of them, his entire appeal is not rendered moot because Woods also sought compensatory damages. See Allen v. Board of Pardons, 792 F.2d 1404, 1408 n. 2 (9th Cir.1986). Accordingly, we affirm the district court's dismissal for mootness as to Woods's claim for equitable relief, but reverse as to his claim for damages.[1]
 
 
 6
 AFFIRMED in part, REVERSED in part, AND REMANDED.
 
 
 7
 Each party shall bear its own costs.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Upon remand, the district court should rule upon Woods's motion for a guardian ad litem. See United States v. 30.64 Acres of Land, 795 F.2d 796, 805 (9th Cir.1986)