James Lee PINKERTON, Petitioner,

v.

Michael L. BENOV, Warden, United
States Parole Commission,
Respondents.

No. 99–56594.

D.C. No. CV–97–01452–HLH(RZ).

United States Court of Appeals,
Ninth Circuit.

Submitted March 9, 2001.[1]

Decided May 4, 2001.

---

1. The panel unanimously finds this case suit-
able for decision without oral argument.
Fed. R.App. P. 34(a)(2).

Before HUG and B. FLETCHER,
Circuit Judges, KING, District Judge.[2]

**2.** The Honorable Samuel P. King, Senior
United States District Judge for the District of
Hawaii, sitting by designation.

## MEMORANDUM [3]

James L. Pinkerton appeals the district court's denial of his petition under 28 U.S.C. § 2241 to review a decision of the United States Parole Commission. We have jurisdiction under 28 U.S.C. § 2253, and affirm.

We review de novo a district court's dismissal of a section 2241 petition. *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997). "The scope of judicial review of the [U.S. Parole] Commission's parole decision ... is exceedingly narrow. Judgments involving a broad range of factors that the Commission takes into account in arriving at its decision are committed to the Commission's discretion and are unreviewable even for abuse of discretion. If 'the Commission's decision involves the exercise of judgment among a range of possible choices or options,' it is unreviewable." *Walker v. United States*, 816 F.2d 1313, 1316 (9th Cir.1987) (citing *Wallace v. Christensen*, 802 F.2d 1539, 1551 (9th Cir.1986) (en banc)). The Court, however, has jurisdiction to consider constitutional challenges. *See Wallace*, 802 F.2d at 1552.

Pinkerton first raises a due process argument that the parole board's stated reasons for denying parole were insufficient. Pinkerton relies on *United States ex rel. Scott v. Illinois Parole and Pardon Board*, 669 F.2d 1185 (7th Cir.1982) (finding statement of reasons given by state parole board inadequate), *overruled on other grounds, Heidelberg v. Illinois Prisoner Review Board*, 163 F.3d 1025, 1027 (7th Cir.1998). Here, however, the parole board articulated its decision and based it upon the aggravating circumstances sur-

**3.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

rounding the murder (e.g., Pinkerton was "involved in robbery of a mail courier and the deliberate execution of the victim who was shot five times in the head"). Whether or not Pinkerton actually fired the shots was not central to the board's decision. Consideration of aggravating circumstances when denying parole does not violate due process. *See Coleman v. Perrill,* 845 F.2d 876, 879 (9th Cir.1988). The parole board's exercise of discretion in considering such surrounding circumstances is not reviewable on appeal. *See Meador v. Knowles,* 990 F.2d 503, 506 (9th Cir.1993).

▆▆ Pinkerton next contends that the parole board considered two reasons (a plan to murder a witness who could identify him, and his arrest record) which it did not mention in its notice of action. He also contends that those reasons were false. He claims this violates due process. While it is true that his presentence report and prehearing assessment do mention such a plan, there is no indication that the parole board based its decision on this factor. Its stated reasons—aggravating circumstances—were valid. *See Bloodgood v. Garraghty,* 783 F.2d 470, 475 (4th Cir.1986) (indicating that court will not assume board relied on other reasons if reasons given are valid); *Phillips v. Brennan,* 912 F.2d 189, 192 (7th Cir.1990) ("Unless the Commission explicitly relies upon a particular item of information, we will not presume that any significance was attached to it"). Further, even if it actually considered the information, "a parole board is not constitutionally required to issue a summary of the evidence supporting its decision to deny parole." *Bowles v. Tennant,* 613 F.2d 776, 778 (9th Cir.1980) (citations omitted). Pinkerton admits he had notice of the allegations in the presentence report and prehearing assessment, and took issue with the statements in his

administrative appeal. Such notice satisfies due process in this context. *See id.* at 778–79. Accordingly, this due process claim lacks merit.

▆▆ Next, Pinkerton raises an ex post facto challenge because the parole board used 1984 parole guidelines rather than the 1976 guidelines in effect when he committed his offense. This claim plainly fails because parole guidelines are not "laws" for purposes of the ex post facto clause. *See Smith v. United States Parole Comm'n,* 875 F.2d 1361, 1367 (9th Cir. 1989).

▆▆ Finally, Pinkerton contends that he was deprived of due process because the National Appeals Board did not respond to one of his appeals within 60 days as set forth in 18 U.S.C. § 4215(b) (1984). Although the decision was apparently some 37 days late, to make out a constitutional claim in this context, a petitioner must show unreasonableness and prejudice. *See Hopper v. United States Parole Comm'n,* 702 F.2d 842, 845 (9th Cir.1983). Pinkerton shows neither. Moreover, once the decision was rendered, the claim became moot. *See Berg v. United States Parole Comm'n,* 735 F.2d 378, 379 n. 3 (9th Cir.1984).

AFFIRMED.