**ARCADE WATER DISTRICT, a public agency of the State of California, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 89–16023.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1990.

Decided Aug. 1, 1991.

Irving H. Perluss, Greve, Clifford, Diepenbrock & Paras, Sacramento, Cal. and William T. Sweigert, Loomis, Cal., for plaintiff-appellant.

John D. Beling, U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before TANG, FLETCHER and REINHARDT, Circuit Judges.

TANG, Circuit Judge:

Arcade Water District ("Arcade") sued the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, for contamination of an Arcade well by a military laundry. The district court dismissed the suit with prejudice, holding that the FTCA statute of limitations bars the suit. Arcade timely appealed. We reverse.

## FACTS AND PROCEEDINGS

Arcade Water District is a California public agency supplying water for domestic use in Sacramento County. Since 1956, Arcade has owned and operated "Well 31." In 1941, the United States began operating a laundry at Camp Kohler Annex, McClellan Air Force Base. The laundry was located about 2,000 feet from the site of Well 31. The laundry discharged residues into the ground which, Arcade alleges, have contaminated Well 31. Arcade's testing of water from Well 31 showed gradual deterioration of quality from 1955 through 1979. In 1973, the United States closed the laundry. Nonetheless, ground contamination from the laundry apparently continued to leach into Well 31, and leaching still continues. In 1979, Arcade removed Well 31 from service because of customer complaints. In 1981, Arcade learned the contamination was caused by the military laundry.

On February 28, 1984, Arcade filed an administrative complaint under the FTCA alleging federal government liability for the contamination of Well 31. When the administrative complaint was rejected as time-barred, Arcade filed suit in April 1987. Arcade pleaded a tort against the United States, alleging that the military laundry is a nuisance damaging Well 31. The district court dismissed Arcade's complaint as time-barred, but with leave to amend. Arcade

filed its First Amended Complaint in November 1988.

The federal government moved for dismissal of the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. The government argued that Arcade's claim is time-barred. On June 6, 1989, the district court granted the government's motion, dismissing Arcade's complaint with prejudice. Arcade timely appealed.

## STANDARD OF REVIEW

■ We review de novo dismissal of a complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kruso v. International Tel. & Tel.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). We review the contents of the complaint, accepting the allegations as true and construing them in a light most favorable to the plaintiff. *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 773 (1986). Dismissal is improper unless " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir.1986) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)), *cert. denied*, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987).

## DISCUSSION

■ The statute of limitations bars a claim against the federal government under the FTCA unless a claimant brings an administrative claim within two years "after such claim accrues." 28 U.S.C. § 2401(b). The FTCA further dictates that state law determines federal government liability. *See* 28 U.S.C. § 2674; *Taylor v. United States*, 821 F.2d 1428, 1430 (9th Cir.1987), *cert. denied*, 485 U.S. 992, 108 S.Ct. 1300, 99 L.Ed.2d 510 (1988) (federal government liability is determined in accordance with the law of the place where the tort occurred). California state law,

therefore, both establishes Arcade's claim and governs application of the two-year statute of limitations.

Arcade asserts a property nuisance tort against the United States for the contamination of Well 31 by the military laundry. For the purposes of our review, we accept as true Arcade's allegation that the military laundry contaminated Well 31, and that residues continue to leach into the well water. If this nuisance was "permanent," as defined by California law, more than two years before Arcade filed its administrative claim, then the claim is time-barred. Arcade argues, however, that the nuisance is instead "continuing." Therefore, Arcade argues, under California law, Arcade was entitled to file its FTCA claim more than two years after Arcade discovered that the military laundry was damaging the well.

### I. Arcade's Complaint of a Continuing Nuisance

Arcade relies on *Baker v. Burbank–Glendale–Pasadena Airport Auth.*, 39 Cal.3d 862, 218 Cal.Rptr. 293, 705 P.2d 866 (1985), *cert. denied*, 475 U.S. 1017, 106 S.Ct. 1200, 89 L.Ed.2d 314 (1986), to argue that the military laundry contamination is a continuing nuisance.

In *Baker*, the California Supreme Court held that airport noise pollution was a continuing nuisance to plaintiff homeowners. *Id.* at 873, 218 Cal.Rptr. at 300, 705 P.2d at 873. The *Baker* trial court had reasoned that the airport pollution was permanent because the court was powerless to enjoin airport operations. The California Supreme Court rejected this logic and reasoned instead that: "Whether a nuisance will be classified as continuing or permanent depends not on the offending party's interest in continuing the nuisance, but on the type of harm suffered." *Id.* at 868, 218 Cal.Rptr. at 296, 705 P.2d at 869. Arcade notes that the United States had no interest in continuing the nuisance once it closed its laundry years ago. Arcade argues, however, that the *Baker* court defined continuing nuisances by the continuing "harm suffered." Because laundry discharges continue to leach into Arcade's well and

because, in all events, Arcade continues to suffer harm, Arcade argues, the contamination nuisance is continuing.

The district court rejected Arcade's argument. It concluded that "California does not characterize a ... nuisance as continuing based on the harm a plaintiff has already experienced." Instead, the district court read California law as focusing on the possibility of abatement, suggesting that to characterize a nuisance as continuing, courts must find either "continuing activity" or the "continuing threat of future physical injury." Because the United States closed its laundry and Arcade closed its well, the district court reasoned, neither contingency obtains here.

The district court was correct in focusing on the possibility of abatement, but we disagree with its conclusion. In the recent case of *Mangini v. Aerojet–General Corp.*, 230 Cal.App.3d 1125, 281 Cal.Rptr. 827 (1991), the California Court of Appeal emphasized that, "[i]n the decisions of our Supreme Court, the crucial distinction between a permanent and continuing nuisance is whether the nuisance may be discontinued or abated." *Id.* at 1146, 281 Cal.Rptr. at 840. Noting that the decision in *Baker* was consistent with this rule, the *Mangini* court examined a nuisance virtually identical with the one alleged by Arcade: chemical contamination of soils by an enterprise that ceased operations several years prior to the commencement of the suit. The *Mangini* court concluded that the plaintiff had stated a cause of action for a continuing nuisance. *Id.* at 1145–1147, 281 Cal.Rptr. at 840. In doing so, the *Mangini* court observed that continuing "activity" is not necessary to establish a continuing nuisance:

> [P]laintiffs' land may be subject to a continuing nuisance even though defendant's offensive conduct ended years ago. That is because the "continuing" nature of the nuisance refers to the continuing damage caused by the offensive condition, not to the acts causing the offensive condition to occur.

*Id.* at 1147, 281 Cal.Rptr. at 841.

Thus, the fact that the laundry is no longer operating is not material. In determining under California law whether the nuisance is continuing, the most salient allegation is that contamination continues to leach into Arcade's Well 31. Under *Baker* and *Mangini*, it is this leaching of contaminants, not the operation of the laundry, that is relevant in characterizing the nuisance.

Arcade further asserts that, absent the continuing contamination, Well 31 could likely improve, perhaps to the point of restoration for public use. Indeed, Arcade submitted to the district court an affidavit from its engineer stating that he could not say the damage to Well 31 is permanent. In time, the contamination may abate on its own or be abated, Arcade argues, and Well 31 may be restored. On the basis of these allegations, which we must accept as true, we cannot conclude as a matter of law that the nuisance is permanent. Instead, though the contamination nuisance may last many years, it may ultimately abate and prove to have been temporary. Arcade can thus allege a set of facts entitling it to relief, for it may be able to prove that the contamination is a temporary, but continuing nuisance. The *Baker* court defined a permanent nuisance as one where " 'by one act a permanent injury is done, [and] damages are assessed once for all.' " *Baker*, 39 Cal.3d at 868, 218 Cal.Rptr. at 297, 705 P.2d at 870 (quoting *Williams v. Southern Pac. R.R.*, 150 Cal. 624, 626, 89 P. 599 (1907)). According to Arcade's allegations, the laundry leaching is not a single, but rather a continuing act, and the injury to Well 31 may not be permanent, but rather temporary.

## II. Arcade's Election to Characterize the Cause of Its Damages as a Continuing Nuisance

■ Arcade points out that even if we doubt the continuing nature of the nuisance, California law permits plaintiffs to elect whether to proceed under a theory of permanent or continuing nuisance. "In case of doubt as to the permanency of the injury," the *Baker* court observed, "the plaintiff may elect whether to treat a par-

ticular nuisance as permanent or continuing." *Baker*, 39 Cal.3d at 870, 218 Cal. Rptr. at 298, 705 P.2d at 871 (citing *Spaulding v. Cameron*, 38 Cal.2d 265, 268, 239 P.2d 625 (1952)). The district court held that Arcade enjoyed no such right of election because there is no doubt the nuisance is permanent. Because we conclude instead that the nuisance may be temporary, Well 31 may be restored, and the permanency of the nuisance is doubtful, we hold that Arcade may elect to treat the continuing leaching of laundry wastes as a continuing nuisance.

The *Baker* court explained that the election right of plaintiffs in doubtful cases prevents res judicata from barring further actions for damages accruing after resolution of one permanent nuisance claim. *Id.*, 218 Cal.Rptr. at 298, 705 P.2d at 871. Election of a continuing nuisance theory thus permits plaintiffs to pursue successive actions without threat of claim preclusion. *Id.*, 218 Cal.Rptr. at 298, 705 P.2d at 871. Because the contamination may abate and Well 31 may be restored, an action for permanent damages would have been inappropriate in Arcade's case. Instead, Arcade may elect to treat the nuisance as continuing, entitling Arcade to an action not for permanent damages, but rather for only those damages suffered in the two years preceding the filing of its FTCA claim. *See id.* at 869, 218 Cal.Rptr. at 297, 705 P.2d at 870 (In continuing nuisance cases, "[r]ecovery is limited ... to actual injury suffered prior to commencement of each action.").[1] Moreover, should Arcade prevail, Arcade may bring successive actions for its periodic damages so long as the nuisance continues but remains impermanent.[2]

## CONCLUSION

Accepting Arcade's allegations as true and construing them in a light most favorable to Arcade, we conclude that Arcade has stated a claim for a continuing, temporary nuisance sufficient to survive dismissal. The judgment of the district court is therefore reversed, and the case is remanded for further proceedings.

REVERSED and REMANDED.

---

1. In determining whether Arcade has stated a claim, it has not been necessary for us to consider whether the remedies sought by Arcade are consistent with its theory of the case. *See Mangini v. Aerojet–General Corp.*, 230 Cal. App.3d 1125, 1147–1148, 281 Cal.Rptr. 827, 841 (1991). This issue will arise if Arcade prevails.

2. Upon remand, of course, the government may be able to prove that the nuisance is, in fact, permanent. An action for a permanent nuisance is time-barred. Arcade has stated a continuing nuisance claim, however, entitling it to pursue a continuing nuisance action beyond the dismissal stage of proceedings.