947 F.2d 949
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Earl CONERLY, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE and Anthony Frank, Postmaster
General, Defendants-Appellees.
 No. 91-15098.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1991.*
Decided Nov. 5, 1991.
 
 Before FLETCHER, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Earl Conerly appeals pro se the district court's order granting dismissal of his complaint under Fed.R.Civ.P. 12(b)(6) in his reprisal and handicap discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). Conerly contends that the district court erred by concluding that he had failed to exhaust his administrative remedies in a timely manner. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 "We review de novo dismissal of a complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We review the contents of the complaint, accepting the allegations as true and construing them in a light most favorable to the plaintiff. Dismissal is improper unless 'it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Arcade Water District v. United States, 940 F.2d 1265, 1267 (9th Cir.1991) (citations omitted).
 
 
 4
 "Title VII specifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit." Vinieratos v. United States Dept. of Air Force, 939 F.2d 762, 767-768 (9th Cir.1991) ( citing Brown v. General Services Administration, 425 U.S. 820, 832 (1976)). Title VII requires a federal employee to take action "[w]ithin thirty days of receipt of notice of final action taken by a department [or] agency...." 42 U.S.C. § 2000e-(16)(c). "Where ... the complainant has only himself to blame for the absence of an administrative ruling on the merits of his claim, it is fair to conclude that he has failed to comply with the administrative exhaustion requirement. It is not the role of the federal judiciary to straighten out a mess that is the complainant's own doing." Vinieratos, 939 F.2d at 773.
 
 
 5
 The thirty day limitation is treated as a statute of limitations subject to equitable tolling principles. See Irwin v. Veterans Administration, 111 S.Ct. 453, 458 (1990); Seattle Audubon Society v. Robertson, 931 F.2d 590, 595 (9th Cir.1991). Equitable tolling is appropriate where the complainant was prevented from asserting a claim due to wrongful conduct of the defendant or where extraordinary circumstances beyond the complainant's control made it impossible to file a timely claim. Seattle Audubon Society, 931 F.2d at 595.
 
 
 6
 Here, Conerly filed a complaint of handicap and reprisal discrimination on May 6, 1987 with the United States Postal Service ("Postal Service"). On November 18, 1987, the Postal Service notified Conerly that his discrimination complaint would be terminated unless he cooperated with the investigation.[1] Conerly did not respond and the Postal Service issued a final decision cancelling Conerly's complaint on December 2, 1987 for failing to prosecute. The Equal Employment Opportunity Commission ("EEOC") affirmed this decision on June 9, 1988 and Conerly received the decision by certified mail in June of 1988. Conerly filed a request to reopen or reconsider on March 21, 1990. Clearly, Conerly did not request a rehearing on his discrimination claim within the thirty day time limit.
 
 
 7
 Conerly appears to allege that a mental disability prevented him from timely requesting reconsideration of his discrimination complaint. Conerly stated he was hospitalized three times between October 17, 1987 and January 2, 1988 for an employment-related stress condition. Nevertheless, Conerly failed to show that his hospitalization prohibited him from timely reopening his discrimination complaint in July 1988. See Irwin, 111 S.Ct. at 458. Conerly also appears to argue that the Postal Service caused him to miss the filing deadline. This argument has no support in the record. See Seattle Audubon Society, 931 F.2d at 595.[2]
 
 
 8
 Because Conerly failed to reopen his discrimination claim within the thirty day limit, and did not present evidence of wrongful conduct by the employer or show extraordinary circumstances beyond his control, the district court properly dismissed Conerly's complaint. See Seattle Audubon Society, 931 F.2d at 595; Vinieratos, 939 F.2d at 773.[3]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Conerly failed to show for meetings, respond to correspondence and provide an affidavit when requested
 
 
 [2]
 Conerly argues that he was never given the opportunity to present evidence of his mental impairment because the Equal Employment Opportunity Commission and the district court refused to reopen the case. To reopen a case, a complainant must submit "[n]ew and material evidence ... that was not readily available when the previous decision was issued ..." 29 C.F.R. § 1613.235(b)(1). Conerly's opportunity to submit new evidence arose when he filed his request for reconsideration. He cannot now claim that he was precluded from presenting his case. See Irwin, 111 S.Ct. at 458
 
 
 [3]
 Because we affirm on these facts, we hold that the government's motion to strike portions of Conerly's excerpts of record for not being a part of the district court record as moot