958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Calvin L. ROBINSON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-15712.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 18, 1992.
 
 Before JAMES R. BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Calvin L. Robinson appeals pro se the district court's order dismissing his action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80. Robinson contends that the district judge erred by: (1) dismissing his action for failure to state a claim for which relief could be granted; and (2) denying his motion to appoint counsel. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 I. Dismissal
 
 3
 Robinson contends that the district court erred by denying his FTCA claim under 28 U.S.C. § 2680(c) because his property was improperly seized by Drug Enforcement Administration agents following his arrest. He demands the return of the property and monetary damages. This contention lacks merit.
 
 
 4
 "We review de novo dismissal of a complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Arcade Water District v. United States, 940 F.2d 1265, 1267 (9th Cir.1991). Construing Robinson's pro se complaint liberally, we must determine whether it appears beyond a doubt that Robinson can show no set of facts that support his claim. See Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986).
 
 
 5
 "Under the FTCA, the federal government assumes liability for wrongs that would be actionable in tort if committed by a private party under analogous circumstances, under the law of the state where the act or omission occurred." Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). Exempt from the coverage of the statute is "[a]ny claim arising in respect of ... the detention of any goods or merchandise by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c); see Kosak v. United States, 465 U.S. 848, 852 (1983).
 
 
 6
 Here, Robinson has been convicted following a jury trial for conspiracy to import marijuana and hashish. See United States v. Robinson, 913 F.2d 712, 713 (9th Cir.1990), cert. denied, 111 S.Ct. 1006 (1991). The government seized forty-three tons of hashish and thirteen tons of marijuana found welded inside the hull of a barged captained by Robinson. In the present action, Robinson appears to seek the return of certain property which government agents seized in connection with the criminal conviction and monetary damages resulting from the detention of the property. Because section 2680(c) bars " 'any claim arising in respect of' the detention of goods," including a claim resulting from negligent handling or storage of detained property, see Kosak, 465 U.S. at 854, the district court did not err by concluding that Robinson failed to state a claim under the FTCA and properly dismissed his complaint, see id. at 862; cf. Jones, 781 F.2d at 771-72.
 
 II. Appointment of Counsel
 
 7
 Robinson contends that the district court erred by denying his motion to appoint counsel because his claim presented "exceptional circumstances." This contention lacks merit.
 
 
 8
 We review for abuse of discretion the district court's denial of a motion for appointment of counsel. Johnson v. Department of Treasury, 939 F.2d 820, 824 (9th Cir.1991).
 
 
 9
 The following three factors are relevant in determining whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his own; and (3) the meritoriousness of plaintiff's claim." Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 269 (1982).
 
 
 10
 Here, the district judge permitted Robinson to proceed in forma pauperis, which satisfied the first requirement. See Ivey, 673 F.2d at 269. Nonetheless, Robinson offers no evidence that he sought and was unable to obtain counsel. See id. Further, as discussed above, Robinson failed to state a claim upon which relief could be granted, and the district court did not err by determining that his FTCA action was meritless. See id. Therefore, the district court did not abuse its discretion by denying Robinson's motion for appointment of counsel. See id.[1]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Robinson also contends for the first time on appeal that:
 (1) he did not receive until April 19, 1991, the February 14, 1991 order dismissing the complaint with 45 days leave to amend; and (2) he did not receive until May 15, 1991, the April 17, 1991 order dismissing the case. "As a general rule, we will not consider an issue raised for the first time on appeal...." Fry v. Melaragno, 939 F.2d 832, 835 (9th Cir.1991). As Robinson did not raise these claims in the district court we do not consider them now.