993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jaami Abdul MUTAKABBIR, Plaintiff-Appellant,
v.
PACIFIC MARITIME ASSOCIATION; International Longshoremen's
and Warehousemen's Union, Defendants-Appellees.
 No. 92-17003.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jaami Abdul Mutakabbir appeals pro se the district court's dismissal with prejudice under Fed.R.Civ.P. 12(b)(6) of his 42 U.S.C. § 1981 complaint against the defendants' Pacific Maritime Association (PMA), International Longshoremen's and Warehousemen's Union (ILWU) and others. Mutakabbir contends that the district court erred by: (1) finding that he failed to state a claim upon which relief could be granted; (2) finding that his action was time-barred; and (3) failing to give him an opportunity to amend his complaint. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Failure to State a Claim/Statute of Limitations
 
 
 4
 We review de novo both a district court's dismissal of complaint for failure to state a claim and on statute of limitation grounds. Arcade Water Dist. v. United States, 940 F.2d 1265, 1267 (9th Cir.1991) (failure to state a claim); Harding v. Galceran, 889 F.2d 906, 907 (9th Cir.1989), cert. denied, 111 S.Ct. 951 (1991) (statute of limitations). Although the district court also dismissed the complaint on grounds of res judicata, we may affirm on any ground fairly presented by the record. See New Kids on the Block v. News Am. Publishing, 971 F.2d 302, 305 (9th Cir.1992).
 
 
 5
 Section 1981 is limited to claims of racial discrimination, Gay v. Waiters' & Dairy Lunchmen's Union Local No. 30, 694 F.2d 531, 536 (9th Cir.1982), and does not contain its own statute of limitations, see O'Shea v. City of San Francisco, 966 F.2d 503, 507 (9th Cir.1992). We apply the statute of limitations for personal injury actions in the state in which the claim arises. See O'Shea, 966 F.2d at 507. The California statute of limitations for a personal injury action is one year. See id.
 
 
 6
 Here, Mutakabbir filed his section 1981 action in district court on July 29, 1992. He alleged that PMA and ILWU discriminated against him on the basis of religion by including his name in a random drawing to select 200 individuals as applicants for registration as longshoremen on May 18, 1989. Mutakabbir alleged that, as a Muslim, he is not permitted to participate in gambling. Mutakabbir therefore claimed that the random drawing process precluded him from having an equal opportunity to register as a longshoremen.
 
 
 7
 Because Mutakabbir alleged religious discrimination, rather than racial discrimination, he failed to state a claim under section 1981. See Gay, 694 F.2d at 536. Moreover, any such claim was time-barred because Mutakabbir filed his action beyond the one-year statute of limitations. See O'Shea, 966 F.2d at 507. Accordingly, the district court properly dismissed Mutakabbir's section 1981 action.
 
 II
 Leave to Amend
 
 8
 Mutakabbir contends that the district court erred by denying his motion for leave to file an amended complaint. We disagree.
 
 
 9
 "We review for abuse of discretion the district court's decision to deny leave to amend after a responsive pleading has been filed." Schlacter-Jones v. General Tel., 936 F.2d 435, 443 (9th Cir.1991).
 
 
 10
 "Leave to amend a complaint 'shall be freely given when justice so requires.' " Jones v. Community Redevelopment Agency, 733 F.2d 646, 650 (9th Cir.1984) (quoting Fed.R.Civ.P. 15(a)). Nonetheless, the policy of allowing the amendments of pleadings "must be tempered with considerations of 'undue delay, bad faith or dilatory motive on the part of movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' " Schlacter-Jones, 936 F.2d at 443 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).
 
 
 11
 Here, Mutakabbir cannot state a claim under section 1981 or comply with the one-year statute of limitations. Based upon the futility of the claim, the district court did not abuse its discretion by denying Mutakabbir's motion for leave to amend.[1] See Schlacter-Jones, 936 F.2d at 443.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mutakabbir argues for the first time on appeal that he should be allowed to amend the complaint to state causes of action under 42 U.S.C. § 1983, and the First and Fourteenth Amendments. We do not consider this argument because Mutakabbir failed to present it before the district court. See Sablan v. Department of Fin., 856 F.2d 1317, 1327 (9th Cir.1988)
 To the extent that Mutakabbir argues that leave to amend should have been granted based upon his right-to-sue letter from the Department of Fair Employment and Housing (DFEH), we note that such an action was time-barred. Mutakabbir filed his complaint with DFEH beyond the one-year statute of limitations. See Cal.Gov't Code § 12960.