996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Linda Wiswell FORBES, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-55778.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 20, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Linda Wiswell Forbes initiated this action on January 23, 1990, naming as defendants the United States, her spouse, Edward Peterman, and twelve of her husband's fellow employees at the Internal Revenue Service ("IRS"). In essence, Forbes alleged the individual defendants harassed her husband during his employment at the IRS, thereby causing injury to both her and her husband. In addition, Forbes alleged the harassment resulted in her husband committing assault and battery against her.
 
 
 3
 On May 8, 1990, the government filed a motion to dismiss and/or for a more definite statement. The district court dismissed Forbes's action against Peterman with prejudice, finding that her claim against him was at most a state claim for assault and battery over which the court declined to exercise pendent jurisdiction. The court also dismissed with prejudice all of Forbes's claims against the government and the remaining individual defendants except those for intentional infliction of emotional distress. The court then granted Forbes thirty days to amend her complaint because the allegations regarding the intentional infliction of emotional distress claims were too vague.
 
 
 4
 On September 4, 1990, Forbes filed a first amended complaint under the Federal Tort Claims Act, 28 U.S.C. §§ 2401-02, 2671-80 ("FTCA"). In her amended complaint, Forbes realleged many of the claims the district court had earlier dismissed with prejudice, including those against her husband. The court nevertheless addressed the merits of each claim in the amended complaint. On February 11, 1991, the court, pursuant to Fed.R.Civ.P. 12(b)(6), dismissed all the claims alleged in the complaint except one for intentional infliction of emotional distress. On April 21, 1992, the court granted summary judgment for the government on that claim. On May 11, 1992, the court denied Forbes's motion for reconsideration.
 
 
 5
 Forbes, now pro se, appeals from these three orders as well as from an earlier order setting aside defaults entered by the clerk against the individual defendants and substituting the United States as defendant. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 II
 Order Setting Aside Defaults
 
 6
 We review the district court's decision to set aside the clerk's entry of default for abuse of discretion. Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 202 (9th Cir.1988), cert. denied, 490 U.S. 1081 (1989).
 
 
 7
 On May 8, 1990, the government certified that the actions of all the individual defendants, except for Peterman, were taken in their official capacities. Based on this certification, the district court properly substituted the United States as defendant. See 28 U.S.C. § 2679(d)(1) & (2); Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 743-44 (9th Cir.1991). The court then correctly reasoned that although default had been entered against the individual defendants, the default could not be entered against the government because Forbes had not established a claim or right to relief against the government by evidence satisfactory to the court. See Fed.R.Civ.P. 55(e); Borzeka v. Heckler, 739 F.2d 444, 446 (9th Cir.1984). Thus, the district court did not err by setting aside the clerk's entry of default.[1] See Mitchell, 861 F.2d at 202.
 
 III
 Dismissal
 
 8
 We review de novo the district court's dismissal for failure to state a claim under Rule 12(b)(6). See Arcade Water Dist. v. United States, 940 F.2d 1265, 1267 (9th Cir.1991). "We review the contents of the complaint, accepting the allegations as true and construing them in a light most favorable to the plaintiff." Id. "Dismissal is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Id. (quotations omitted).
 
 
 9
 The FTCA requires that a claimant file an administrative claim with the proper agency "within two years 'after such claim accrues.' " Id. (quoting 28 U.S.C. § 2401(b)). Here, Forbes filed an administrative claim with the IRS on May 25, 1989. A review of Forbes's amended complaint shows that virtually all the alleged wrongful acts against Forbes occurred prior to May 25, 1987, or more than two years before she filed her administrative claim. Thus, the district court correctly reasoned that any claim based on these alleged acts was time-barred by section 2401(b). See id.
 
 
 10
 We reject Forbes's contention that her cause of action against the government and individual defendants did not accrue until November 27, 1988, when her husband allegedly assaulted and battered her. Forbes cannot maintain a claim against the government or the individual defendants based simply on her husband's alleged actions. As the district court found, Forbes failed to show that the alleged actions of these defendants proximately caused her injury. See Morrill v. United States, 821 F.2d 1426, 1427 (9th Cir.1987) (28 U.S.C. § 2680(h) generally bars FTCA claims arising out of assault or battery but the government may nevertheless be held liable if plaintiff can show the government's supervisory negligence proximately caused injury). Thus, even accepting Forbes's allegation of an assault and battery on November 27, 1988 as true, her claim fails.
 
 
 11
 The district court also correctly found that Forbes did not state a claim for negligent infliction of emotional distress. Under California law, damages for negligent infliction of emotional distress are recoverable under either the "bystander" rule or "direct victim" rule. See Martin ex rel. Martin v. United States, 984 F.2d 1033, 1035-37 (9th Cir.1993). Under either rule, Forbes was not entitled to recover for events in which she was not directly involved or which she did not witness. See id. at 1036-37. Moreover, the allegations in the complaint do not show that Forbes's husband suffered the type of injury required to maintain a claim under the "bystander" rule. See, e.g., Dillon v. Legg, 68 Cal.2d 728, 730, 441 P.2d 912, 914, 69 Cal.Rptr. 72, 74 (1968) (child struck by automobile).
 
 
 12
 Finally, the district court correctly dismissed Forbes's claims against her husband individually based on his alleged sexual assault against her and her claims against the other defendants for misrepresentation, libel, or slander. See 28 U.S.C. § 2680(h); Meridian Int'l Logistics, Inc., 939 F.2d at 742-43 (section 2680(h) bars claims arising out of libel or slander); United States v. Fowler, 913 F.2d 1382, 1387 (9th Cir.1990) (section 2680(h) bars claims arising out of negligent or intentional misrepresentation); Morrill, 821 F.2d at 1427 (section 2680(h) bars claims arising out of assault or battery).
 
 IV
 Summary Judgment
 
 13
 We review de novo the district court's summary judgment in favor of the government. See Erickson v. United States, 976 F.2d 1299, 1301-02 (9th Cir.1992). "Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Id. at 1302.
 
 
 14
 The district court correctly determined that Forbes's claim for intentional infliction of emotional distress was barred by 28 U.S.C. § 2680(c) despite her allegations that the defendants' actions were tortious in nature. See Morris v. United States, 521 F.2d 872, 874 (9th Cir.1975). Moreover, we agree with the district court that Forbes failed to show that a genuine issue of material fact existed as to whether the defendants' conduct was "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Perugini v. Safeway Stores, Inc., 935 F.2d 1083, 1087 (9th Cir.1991) (element of cause of action for intentional infliction of emotional distress under California law is "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress' " (quoting Cervantez v. J.C. Penney Co., 24 Cal.3d 579, 593, 595 P.2d 975, 983, 156 Cal.Rptr. 198, 206 (1979))).
 
 V
 Denial of Reconsideration
 
 15
 We review the district court's denial of a motion for reconsideration under Fed.R.Civ.P. 60(b) for abuse of discretion. See Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991).
 
 
 16
 Forbes sought reconsideration of the district court's summary judgment in favor of the government on her claim for intentional infliction of emotional distress. Forbes based her motion on alleged newly discovered evidence, a 1986 California state tax return showing she was entitled to a tax refund.
 
 
 17
 The district court denied the motion on the ground the tax return was not new evidence under Rule 60(b)(2) because it was available before the court granted summary judgment for the government. There is no indication in the record that the district court abused its discretion by doing so. See id.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, entry of default was apparently improper in the first place. Forbes contends that default was proper because the individual defendants had adequate notice of the action. The record shows, however, that service on the individual defendants was ineffective because they never returned the acknowledgement forms as required for service by mail under Rule 4(c)(2)(C)(ii). See Mason v. Genisco Tech. Corp., 960 F.2d 849, 852 (9th Cir.1992); Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir.1987). Accordingly, default should never have been entered