12 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leocadia BUENDIA, Plaintiff-Appellant,
v.
U.S. NAVY, Defendant-Appellee.
 No. 93-35115.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 1, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leocadia Buendia appeals pro se the district court's order dismissing for lack of subject matter jurisdiction her action against the Department of Navy under the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 1346(b), 2671-2680 et seq., which alleged she suffered emotional distress as a result of harassment from an immediate supervisor. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Generally, a dismissal should not be affirmed unless it is clear that the deficiencies in the complaint could not be cured by amendment. Kelson v. City of Springfield, 767 F.2d 651, 656 (9th Cir.1985). Nevertheless, "if it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts that could be proved," the district court may dismiss the complaint without granting an opportunity to amend. Id. at 653.
 
 
 4
 The timely filing of an administrative claim is a jurisdictional prerequisite to bringing a suit under the FTCA. Arcade Water Dist. v. United States, 940 F.2d 1265, 1267 (9th Cir.1991); Landreth By and Through Ore v. United States, 850 F.2d 532, 533 (9th Cir.1988), cert. denied, 488 U.S. 1042 (1989). The administrative claim must be presented to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. Sec. 2401(b). A pro se complainant must also meet this jurisdictional prerequisite. See Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir.1980).
 
 
 5
 Here, Buendia, a civilian employee of the Navy, alleged in her complaint that she suffered emotional distress as a result of harassment from an immediate supervisor. Buendia's last day of employment with the Navy was September 4, 1987. Buendia, however, did not present her administrative claim to the Navy until August 15, 1990. She alleges that her union representative and attorney misinformed her about the time for filing the administrative claim.
 
 
 6
 While we sympathize with Buendia's position, we are unable to ignore the statutory requirements that enable a district court to assert jurisdiction in an FTCA suit. See 28 U.S.C. Sec. 2401(b); Arcade Water Dist., 940 F.2d at 1267; Landreth By and Through Ore, 850 F.2d at 533. Accordingly, we hold that the district court properly dismissed the complaint without leave to amend. See Kelson, 767 F.2d at 653.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3