Kenneth L. ERICKSON,
Plaintiff–Appellant,

v.

UNITED STATES of America; Bryon Simon; Douglas Hebert; Kenneth Ingleby; Charles Hill, Defendants–Appellees.

No. 91–55292.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 1992.

Decided Oct. 7, 1992.

David M. Korrey, San Diego, Cal., for plaintiff–appellant.

John R. Neece, Asst. U.S. Atty., San Diego, Cal., for defendants–appellees.

Before: WALLACE, Chief Judge, BROWNING, Circuit Judge, and JONES,* District Judge.

* Honorable Robert E. Jones, United States District Judge, District of Oregon, sitting by designation.

PER CURIAM:

Erickson appeals the district court's dismissal of his action for damages on several theories of constitutional tort, as well as under the Federal Tort Claims Act (the Act), against the United States government and several officials of the Drug Enforcement Administration (DEA) and the United States Customs Service (Customs Service). Erickson alleges DEA and Customs Service officials sent him to Mexico with inadequate protection, where he was arrested, imprisoned, and tortured by Mexican authorities. He challenges the district court's dismissal of his constitutional tort claims for failure to state a claim, and the court's grant of summary judgment to the defendants on his claim under the Act. We affirm the dismissal of the constitutional tort claim, but vacate and remand the dismissal of Erickson's claim under the Act.

## I.

While operating a financially troubled limousine service in San Diego, Erickson learned one of his customers wished to purchase an aircraft to smuggle drugs from Mexico into the United States. Erickson contacted the DEA, which arranged for him to meet with DEA agent Herbert and Customs Service agent Simon. At the meeting, Erickson discussed the drug smuggling plans and explained he needed money to support his ailing business. The two agents responded he would receive a percentage of any assets seized as a result of information he provided, and gave Erickson their telephone numbers to enable him to relay information to them. Erickson also alleges the agents promised to protect him. The agents, however, say they warned him they could not guarantee his safety in Mexico.

Over the next few months, Erickson periodically contacted the officials and provided them with information. The drug smugglers had purchased an aircraft and Erickson's company was one of the registered owners. Subsequently, the smugglers asked Erickson to go to Mexico to clear up a title dispute concerning the aircraft. Erickson advised agent Herbert of these developments. Erickson alleges Herbert directed him to go to Mexico, find the aircraft, and cause it to land in the United States. Herbert, however, says that, after consulting with his superiors, he told Erickson the DEA would not authorize his trip.

Erickson traveled to Mexico. After meeting with the drug smugglers, he was arrested by Mexican authorities and taken to jail, where he was tortured. Initially, the DEA feared news of Erickson's arrest was a ruse by the smugglers designed to expose the DEA's operations. Consequently, the DEA refused to confirm its role with any outsider. However, once it learned Erickson was in the hands of Mexican authorities, DEA officials worked through diplomatic channels to protect him in prison and to secure his release. Erickson was imprisoned for a total of seven months.

## II.

The district court ruled Erickson "has failed to establish that acts of [the] defendants arose to a constitutional violation. In addition, the individually named defendants would be qualifiedly immune as there was no clearly established constitutional principle prohibiting the acts alleged by the plaintiff."

We review *de novo* the district court's dismissal of Erickson's claims of deprivation and conspiracy to deprive him of his rights under the first, fourth, fifth, and fourteenth amendments to the constitution,[1] and may affirm on any ground fairly

---

1. The Supreme Court has held that individuals may sue for damages directly under the Constitution for violations of the fourth and fifth amendments. *Davis v. Passman,* 442 U.S. 228, 248–49, 99 S.Ct. 2264, 2278–79, 60 L.Ed.2d 846 (1979) (fifth amendment); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 397, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971) (fourth amendment). We have held that an individual may also bring a constitutional tort action for violations of the freedom of speech clause of the first amendment. *Gibson v. United States,* 781 F.2d 1334, 1342 (9th Cir.1986). We are aware of no authority approving a constitutional tort action against a federal official for a violation of the

supported by the record. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989).

■ Fundamental principles of judicial restraint require federal courts to consider nonconstitutional grounds for decision prior to reaching constitutional questions. *Jean v. Nelson*, 472 U.S. 846, 854, 105 S.Ct. 2992, 2996, 86 L.Ed.2d 664 (1985). Thus, a federal court should decide constitutional questions only when it is impossible to dispose of the case on some other ground. *Id.; McMichael v. County of Napa*, 709 F.2d 1268, 1271 (9th Cir.1983). Because the doctrine of qualified immunity disposes of this case, we do not reach the question whether the individual defendants violated Erickson's constitutional rights.

Qualified immunity is a common law defense available to members of the executive and judicial branches. *Scheuer v. Rhodes*, 416 U.S. 232, 241, 94 S.Ct. 1683, 1688, 40 L.Ed.2d 90 (1974); *Spalding v. Vilas*, 161 U.S. 483, 498–99, 16 S.Ct. 631, 637, 40 L.Ed. 780 (1896). The defense protects "'government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir.1991) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)); *see also Meyer v. Fidelity Sav.*, 944 F.2d 562, 575 (9th Cir.1991). We have divided the qualified immunity analysis into three inquiries:

(1) the identification of the specific right allegedly violated; (2) the determination of whether that right was so "clearly established" as to alert a reasonable officer to its constitutional parameters; and (3) the ultimate determination of whether a reasonable officer could have believed lawful the particular conduct at issue.

*Romero*, 931 F.2d at 627. Erickson "bears the burden of proof that the right allegedly violated was clearly established at the time of the alleged misconduct." *Id.*

Erickson cannot meet his burden of proof. Initially, he fails to identify the specific right allegedly violated, pointing only to the broad, abstract right "to be safe, secure and protected from harm to his body and his business interests." As the Supreme Court has explained, however,

if the test of "clearly established law" were to be applied at this level of generality, it would bear no relationship to the "objective legal reasonableness" that is the touchstone of *Harlow [v. Fitzgerald]*. Plaintiffs would be able to convert the rule of qualified immunity that our cases plainly establish into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights.... It should not be surprising, therefore, that our cases establish that the right the official is alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.

*Anderson v. Creighton*, 483 U.S. 635, 639–40, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987). Even if Erickson had identified the rights involved with the requisite specificity, however, we are aware of no authority that clearly establishes a constitutional right against the kind of official conduct involved in this case.

We affirm the district court's ruling that the individual defendants are entitled to qualified immunity.

### III.

■ We review *de novo* the district court's grant of summary judgment to the government on Erickson's claims under the

fourteenth amendment, which applies by its terms only to state action. U.S. Const. amend. XIV, § 1 ("No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.").

Act for negligence and negligent infliction of emotional distress.[2] *Kruso*, 872 F.2d at 1421. Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Tzung v. State Farm Fire & Casualty Co.*, 873 F.2d 1338, 1339–40 (9th Cir.1989).

Under the Act, the government may be sued for the torts of government employees, with certain exceptions. *Cominotto v. United States*, 802 F.2d 1127, 1129 (9th Cir.1986). One such exception prevents liability for "[a]ny claim arising in a foreign country." 28 U.S.C. § 2680(k). Thus, government agents may be liable only for actions or inactions occurring in the United States. Even as to acts occurring in the United States, a tort action may not be brought on the basis that a government agency or employee performed, or failed to perform, a "discretionary function or duty," even if the discretion involved was abused. 28 U.S.C. § 2680(a). In *Berkovitz v. United States*, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988), the Court explained § 2680(a) will bar a suit if: (1) the agency or employee's action was a matter of choice under the applicable statutes, regulations, and policies; and (2) that choice is grounded in public policy. *Id.* at 536–37, 108 S.Ct. at 1958–59; *Kennewick Irrigation Dist. v. United States*, 880 F.2d 1018, 1025 (9th Cir.1989).

The district court did not reach the question whether Erickson's claim arose in the United States or in Mexico. Rather, the court entered summary judgment for the government on the basis of the discretionary function exception. Neither Erickson nor the government offered any evidence that the agents' alleged actions were a matter of choice under the applicable statutes, regulations, and policies. When the district court decided the case, the law in this circuit as to which party had the burden of proving the exception's applicability had not been clearly stated. *See Kennewick Irrigation Dist.*, 880 F.2d at 1027; *Seyler v. United States*, 832 F.2d 120, 122–23 (9th Cir.1987); *ARA Leisure Servs. v. United States*, 831 F.2d 193, 195 (9th Cir. 1987). Since the district court's decision, however, we have explicitly stated the government has the burden of proving the discretionary function exception. *Prescott v. United States*, 959 F.2d 793, 797–98 (9th Cir.1992). The government had no opportunity to provide evidence on this issue and the district court has not yet had an opportunity to apply this new standard. Therefore, we vacate the district court's summary judgment and remand for further proceedings on this issue.

█ The government argues summary judgment can be affirmed on the alternative ground of the Act's foreign country exception. *See* 28 U.S.C. § 2680(k). Because this is a factually intensive issue that the district court did not address, we will not do so here. On remand, the district court, in its discretion, may entertain a motion for summary judgment based on this defense.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

---

**2.** 28 U.S.C. § 1346(b) provides that the United States may be sued for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 2674 provides, "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages."