993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Van Maurice TRAN, Plaintiff-Appellant,
v.
COMMONWEALTH OF the NORTHERN MARIANA ISLANDS; Lorenzo I.
Guerrero, Governor; Robert C. Naraja, Attorney
General; Eric Smith, Assistant Attorney
General, Defendants-Appellees.
 No. 92-15019.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1993.*
Decided May 18, 1993.
 
 Before: GOODWIN, TANG, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Van Maurice Tran appeals the district court's dismissal of his 42 U.S.C. § 1983 action against the Commonwealth of the Northern Mariana Islands ("CNMI") and several of its officials for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).
 
 
 3
 Tran, a "stateless" alien who has been subject to a deportation order for over four years, alleges that the CNMI has violated his federal constitutional rights by not permitting him to work pending his deportation. The district court dismissed the claim after concluding that there "is no federal constitutional right for a CNMI deportee to work within the CNMI." We review the existence of jurisdiction de novo, United States v. Moncini, 882 F.2d 401, 403 (9th Cir.1989), and may affirm on any ground fairly supported by the record. Erickson v. United States, 976 F.2d 1299, 1300-01 (9th Cir.1992).
 
 
 4
 We have previously held that the CNMI is not a "person" within the meaning of § 1983. DeNieva v. Reyes, 966 F.2d 480, 482-83 (9th Cir.1992). Thus, neither the CNMI nor any of its officers acting in an official capacity is subject to § 1983 liability. Id. at 483. To the extent that Tran has named a proper defendant, he has failed to state a claim for relief. Under the Constitution, there is no absolute or substantive right to work, cf. Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 846 (9th Cir.1985) (limiting job opportunities is not punishment), and Tran does not claim that the procedures followed in barring him from seeking work violated due process, cf. Greene v. McElroy, 360 U.S. 474, 492 (1959) (only unreasonable government interference with job opportunities violates due process). The judgment of the district court is therefore
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3