54 F.3d 785
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kevin HOGAN, Plaintiff-Appellant,
v.
William Von RAAB; Duane Oveson, in his capacity as District
Director of U.S. Customs Service for District of Alaska;
James Hipsher, in his capacity as Deputy Director of U.S.
Customs Service for District of Alaska; John E. Elkins, in
his capacity as Acting Director, Regulatory Procedures &
Penalties Division, U.S. Customs Services, HARVEY FOX, in
his capacity as Director of Regulations & Rulings, U.S.
Customs Service; and United States of America, Defendants-Appellees.
 No. 94-35240.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 3, 1995.
Decided May 17, 1995.
 
 Before: WRIGHT, SKOPIL, and THOMPSON, Circuit Judges.
 MEMORANDUM*
 We agree with the parties' representations at oral argument that we should reverse and remand this case to the district court for further proceedings. The district court's dismissal was premised on application of the discretionary function exception of the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 2680(a). On appeal, however, the United States has dropped its reliance on that exception. Because the government bears the burden of proving the applicability of exceptions to waivers of immunity, Prescott v. United States, 973 F.2d 696, 701 (9th Cir. 1992), we accept its decision to abandon the discretionary function exception.
 The government has asserted that other exceptions to the FTCA bar Hogan's action. Specifically, the government seeks to invoke sections 2680(c) and (h) of the FTCA. Hogan contends on appeal, however, that his tort claims arise under admiralty and thus should be considered exclusively under the Suits in Admiralty Act (SIAA), 46 U.S.C. Secs. 741-752, rather than the FTCA. Exceptions to the FTCA may not necessarily apply to claims brought under the SIAA. See B & F Trawlers, Inc. v. United States, 841 F.2d 626, 628-29 (5th Cir. 1988) (declining to incorporate section 2680(c) into the SIAA). Moreover, exceptions to waivers of immunity generally require "factually intensive" determinations that are inappropriate for initial consideration on appeal. See Erickson v. United States, 976 F.2d 1299, 1302 (9th Cir. 1992) (per curiam). Accordingly, we conclude that remand is appropriate to provide the district court with the first opportunity to consider the legal and factual issues raised by the government's assertion of alternative grounds of immunity. See id.
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3