97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pius AILEMAN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Pius AILEMAN, Sidney Gladney, and Robert Tinney, Defendants-Appellees.
 No. 95-10233, 95-10244.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred May 14, 1996.
Submitted July 1, 1996.
Decided Sept. 16, 1996.
 
 1
 Before: T.G. NELSON and TASHIMA, Circuit Judges, and BURNS,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The government appeals the district court's order dismissing 41 counts of a 42 count criminal indictment against Pius Aileman, Sidney Gladney, and Robert Tinney (No. 95-10244). Aileman appeals the district court's order denying his motion to dismiss the remaining count (No. 95-10233).
 
 
 4
 We have jurisdiction in 95-10244 under 18 U.S.C. § 3731 and 28 U.S.C. § 1291. We have jurisdiction in 95-10233 to hear an interlocutory appeal from the denial of a motion to dismiss on double jeopardy grounds under 28 U.S.C. § 1291. U.S. v. Bates, 917 F.2d 388, 392 (9th Cir.1990).
 
 
 5
 We reverse the order dismissing 41 counts and affirm the order denying Aileman's motion to dismiss the remaining count.
 
 I. BACKGROUND
 
 6
 On December 14, 1993, government agents executed a search warrant at Aileman's hotel room in Washington D.C. and seized $1,000. On December 15, 1993, agents executed a search warrant at Aileman's residence in Oakland, California. They found and seized $4,900. On December 21, 1993, government agents searched Gladney's residence and seized $743. On the same day, they arrested Tinney and seized $1,264 found on his person.
 
 
 7
 The government brought administrative forfeiture proceedings under 21 U.S.C. § 881(a)(6) for civil forfeiture of the money seized from Aileman, Gladney, and Tinney. The government issued declarations of forfeiture for the two seizures of cash from Aileman on April 22, 1994 and May 6, 1994. Declarations of forfeiture for the cash seized from Gladney and Tinney were filed on March 25, 1994 and May 20, 1994 respectively.
 
 
 8
 Meanwhile, the government had also brought criminal prosecutions against the Appellees. On January 3, 1994, the government obtained an indictment charging the Appellees and others with conspiracy to distribute heroin. On July 11, 1994, the government filed the 42 count superseding indictment which is at issue in this appeal.
 
 
 9
 On May 9, 1995 the district court granted defendants' motions to dismiss every count of the indictment except Count 41, which charged Aileman with conspiracy to launder monetary instruments. The district court found that the offenses charged in the 41 dismissed counts formed the basis of both the forfeiture proceedings and the criminal indictment. The court found that the forfeitures constituted punishment for the offenses charged in the superseding indictment (except Count 41) and granted the motions to dismiss on double jeopardy grounds based on United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994), amended on denial of reh'g, 56 F.3d 41 (1995).
 
 II. STANDARD OF REVIEW
 
 10
 Whether the Double Jeopardy Clause bars a criminal prosecution is a question of law subject to de novo review. United States v. Goland, 897 F.2d 405, 408 (9th Cir.1990).
 
 III. DISCUSSION
 
 11
 On June 24, 1996, the United States Supreme Court handed down its decision in United States v. Ursery, --- U.S. ----, 116 S.Ct. 2135 (1996). The Court reversed United States v. $405,089.23, holding that civil forfeitures under 21 U.S.C. § 881(a)(6) are neither "punishment" nor "criminal" for purposes of the Double Jeopardy Clause. 116 S.Ct. at 2149.
 
 
 12
 Ursery is dispositive of the issues in this case. Since the civil forfeiture proceedings did not impair the Appellees' rights under the Double Jeopardy Clause, the criminal charges should not have been dismissed. Accordingly, the district court's order dismissing 41 counts of the indictment must be reversed.
 
 
 13
 Ursery also eliminates the grounds for Aileman's appeal of the district court's order denying his motion to dismiss Count 41 on double jeopardy grounds. Accordingly, that order must be affirmed.
 
 
 14
 Gladney contends that this court must decide whether he received constitutionally deficient notice of the forfeiture proceedings.[1] Under the law of this circuit before the Ursery decision, the sufficiency of notice was relevant to determine whether the former owner of seized property had knowingly abandoned that property. This is because even before Ursery, the administrative forfeiture of abandoned property did not implicate the double jeopardy rights of the former owner. U.S. v. Cretacci, 62 F.3d 307, 310-11 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 2528 (1996); U.S. v. Castro, 78 F.3d 453, 455-56 (9th Cir.1996).
 
 
 15
 Ursery now makes it clear that administrative forfeiture proceedings do not implicate double jeopardy rights even when such proceedings are fully contested. Clearly, whether Gladney had sufficient notice to give him a fair opportunity to contest the forfeiture proceedings has no significance in the present appeal.
 
 
 16
 To the extent Gladney contends that dismissal of his criminal case is a viable remedy for deficiency of notice in the forfeiture proceedings independent of any violation of his rights under the Double Jeopardy clause, we reject this contention as completely unfounded in the law.
 
 
 17
 Since Ursery disposes of this case, we need not reach the constitutional question whether the notice in Gladney's forfeiture proceeding was deficient under the Due Process clause. See Erickson v. United States, 976 F.2d 1299, 1301 (9th Cir.1992) (Fundamental principles of judicial restraint require federal court to avoid constitutional questions that need not be decided to dispose of the case).
 
 IV. CONCLUSION
 
 18
 In No. 95-10244, we REVERSE the district court's order dismissing 41 counts of the superseding indictment. In No. 95-10233, the district court's order denying Aileman's motion to dismiss Count 41 is AFFIRMED. This case is REMANDED to the district court for further proceedings.
 
 
 
 *
 Honorable James M. Burns, Senior District Judge for the District of Oregon sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government sent notice of the forfeiture proceedings by certified mail. Gladney did not receive notice because the DEA sent the notice to the wrong address. The district court ruled that notice to Gladney was constitutionally deficient under Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306 (1950)