103 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George EARL, Plaintiff-Appellant,
v.
S.F. THOMPSON, Superintendent, Oregon State Penitentiary;
D. Heppner, O.S.P. Captain; E. McLauchlin, Correctional
Officer Oregon State Penitentiary; Nick Armenakis,
Assistant Supt. Security, Oregon State Penitentiary,
Defendants-Appellees.
 No. 96-35275.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1996.*
Decided Nov. 20, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon state prisoner George Earl appeals pro se the district court's summary judgment in Earl's 42 U.S.C. § 1983 action alleging that defendants violated his due process and Eighth Amendment rights by placing Earl in disciplinary segregation without a pre-placement hearing and by failing to give Earl his asthma medication when he was in segregated confinement. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, see Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988), and we affirm.
 
 
 3
 Earl contends that the district court erred by finding that defendants had not violated his due process and Eighth Amendment rights. This contention lacks merit.
 
 
 4
 Federal courts are required by fundamental principles of judicial restraint to address constitutional questions only when a case may not be disposed of on nonconstitutional grounds. See Erickson v. United States, 976 F.2d 1299, 1301 (9th Cir.1992) (per curiam) (citing Jean v. Nelson, 472 U.S. 846, 854 (1985)). Accordingly, we may affirm a district court's judgment on a nonconstitutional basis if that basis is fairly supported by the record. See id. at 1300-01.
 
 
 5
 Here, the record indicates that defendants are entitled to qualified immunity because Earl failed to demonstrate that he had a clearly established right to receive a pre-segregation hearing at the time he was charged with violating a disciplinary rule. See id. at 1301; see also McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1986) (finding that inmate had no liberty interest in receiving a pre-segregation hearing pending a one-month investigation for charges that he had violated prison rules). Thus, we affirm the district court's order finding that defendants did not violate Earl's due process rights. See Erickson, 976 F.2d at 1301.
 
 
 6
 We also affirm the district court's order finding that defendants had not violated the Eighth Amendment, because Earl failed to demonstrate that defendants were the actual and proximate cause of the alleged Eighth Amendment violation. See Leer, 844 F.2d at 634; see also McGuckin v. Smith, 974 F.2d 1050, 1062 (9th Cir.1992). Accordingly, we affirm the district court's grant of summary judgment for defendants. See Erickson, 976 F.2d at 1300-01.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal