UNITED STATES of America, Plaintiff,

v.

Theodore John KACZYNSKI,
Defendant–Appellant,

v.

SAN FRANCISCO EXAMINER; CBS
Broadcasting, Inc.; Sacramento
Bee, Intervenors–Appellees.

No. 98–10236.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 30, 1998.

Decided Aug. 20, 1998.

Quin Denvir, Sacramento, California, and Judy Clarke, Spokane, Washington, for defendant-appellant.

Roger R. Myers, Joshua Koltun, and Noel C. Johnson, Steinhart & Falconer, San Francisco, California, for intervenors-appellees.

Before: REINHARDT, THOMPSON and LEAVY, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Theodore John Kaczynski appeals from the district court's May 28, 1998 order granting in part the motion of intervenors-appellees Sacramento Bee, San Francisco Examiner, and CBS Broadcasting, Inc., (collectively "media"), to unseal Kaczynski's psychiatric competency report. The district court ordered the release of a redacted version of the report, but temporarily stayed its order to allow Kaczynski an opportunity to appeal and seek a stay from this court. We granted Kaczynski's emergency motion to stay release of the report pending appeal, and expedited appellate proceedings.

■ We review for abuse of discretion, under the common-law right of access to judicial proceedings, the district court's order to disclose to the public and to the media the redacted version of Kaczynski's competency report, see United States v. Schlette, 842 F.2d 1574, 1576–77 (9th Cir.1988), amended, 854 F.2d 359 (1988), and we affirm that decision.

Kaczynski was charged with committing crimes that resulted in multiple deaths and injuries caused by bombings. He was accused of being the notorious "Unabomber." At trial, after the jury was selected, he requested permission to represent himself. His counsel informed the district court that this last-minute request to proceed pro se was prompted by Kaczynski's opposition to his counsels' planned trial strategy, which included presentation of a mental illness defense. Because this raised the court's concern about Kaczynski's mental competency, the district court ordered a psychiatric examination and report pursuant to 18 U.S.C. §§ 4241(b), 4247(b) and (c), to determine whether Kaczynski was suffering from a mental disease or defect rendering him mentally incompetent to stand trial.

Pursuant to the district court's order, Bureau of Prisons Psychiatrist, Sally C. Johnson, M.D., examined Kaczynski and interviewed Kaczynski's mother and brother. Dr. Johnson rendered a 47–page psychiatric report. That report is the subject of this litigation. In it, Dr. Johnson concluded that Kaczynski was competent to stand trial. Based on the report, defense counsel stipulated that Kaczynski was competent to stand trial and argued that further findings on Kaczynski's competency were not required. The government agreed, and the report was filed under seal. The district court then made its own determination that Kaczynski was competent to stand trial, and denied as untimely Kaczynski's motion to represent himself. Two days later, Kaczynski pleaded guilty to the Unabomber crimes, and was sentenced to life imprisonment without the possibility of parole.

The media moved to unseal Kaczynski's psychiatric competency report, asserting common-law and First Amendment rights of access to judicial proceedings and documents. Kaczynski opposed the motion, asserting his privacy interest and the privacy interests of his family members. The government took no position; it neither supported nor opposed the media's motion.

Following a hearing, the district court granted the media's motion in part. Grounding its decision on the common-law right of access, the district court redacted portions of Kaczynski's psychiatric report and ordered that the redacted version be unsealed and disclosed to the public and to the media. This appeal by Kaczynski followed.

■. We have long recognized the public's and the media's common-law right to inspect and copy judicial records and documents. See Valley Broadcasting Co. v. United States Dist. Court, 798 F.2d 1289, 1293 (9th Cir.1986); Schlette, 842 F.2d at 1581. To assert the common-law right of access, the media is required to make a threshold showing of a legitimate need for disclosure. Once that showing has been made, the court must balance the media's asserted need against any asserted reasons for confidentiality. Id.

Here, the media made the necessary threshold showing. It established that disclosure of Kaczynski's psychiatric report would serve the ends of justice by informing the public about the court's competency determination and Kaczynski's motivation for committing the Unabomber crimes. See id. at 1583. The report prompted the parties to stipulate to Kaczynski's competency, and the

district court relied on the report in making the court's own competency determination. We conclude that the public and the media have a legitimate interest in disclosure of the report. *See id.*

■ We also conclude that the district court properly balanced the public's legitimate interest in access to the report, that is, its interest in obtaining information bearing on the workings of the criminal justice system, with the countervailing privacy interests asserted by Kaczynski. *See id.* at 1581. In striking that balance, the court redacted portions of the report. As the court stated in its May 28, 1998 order, it "redacted information from the report regarding third parties that is either private information or has the potential to embarrass a person not before the court." In addition, the court redacted a paragraph and a half from page 8, the remainder of the half-paragraph from page 8 as it continued onto page 9, and an additional paragraph from page 9. With regard to these redactions, the court stated: "This information concerns Kaczynski's privacy interests and has little or no relationship to the issue of Kaczynski's competency or his motivation for the Unabomber crimes."

The unredacted part of the report, which is by far the vast bulk of it, covers information pertaining directly to the court's competency determination and Kaczynski's motivation for his crimes.

In balancing the competing interests of the parties, the district court did not abuse its discretion. It determined that, as to the unredacted part of the report, the media's need for disclosure outweighed Kaczynski's privacy interests.[1] *See Schlette,* 842 F.2d at 1576–77. Because the media established a common-law right of access, it is unnecessary for us to resolve the media's First Amendment claim. *See Erickson v. United States,* 976 F.2d 1299, 1301 (9th Cir.1992), *citing, Jean v. Nelson,* 472 U.S. 846, 854, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985).

**AFFIRMED.**

---

**1.** We decline to address in this appeal by Kaczynski, the media's challenge to the propriety of the scope of the district court's redactions. *See*

**REINHARDT, Circuit Judge, concurring**

I concur in Judge Thompson's opinion for the court. I write separately only to emphasize that in this case the district court affirmed the right of access on the ground of the common law and that, because it did so, it is appropriate for us to commence our review of its decision by examining that ground. Then, because we uphold the order on the basis of the common law, there is no reason for us to reach the First Amendment questions.

It is worth emphasizing once again, however, that there is a significant difference between the common law and constitutional inquiries. While the purposes of both are similar, the common law right of access to court proceedings and documents "is not absolute ... nor is it given the same level of protection accorded constitutional rights." *United States v. Schlette,* 842 F.2d 1574, 1582 (9th Cir.1988). *See also Valley Broadcasting Co. v. United States Dist. Court,* 798 F.2d 1289, 1293 (9th Cir.1986). The common law right of access is subject to the balancing of interests and we review district court decisions in that regard for abuse of discretion. *See Schlette,* 842 F.2d at 1576–77, 1581. The constitutional right of access, however, may be overcome only by showing a compelling interest that no alternative will adequately protect, *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 607, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982); *Oregonian Pub. Co. v. United States Dist. Court,* 920 F.2d 1462, 1466 (9th Cir.1990), and we perform our review of decisions on that score under a de novo standard. *See Times Mirror Co. v. United States,* 873 F.2d 1210, 1212 (9th Cir. 1989); *see also In re State–Record Co., Inc.,* 917 F.2d 124 (4th Cir.1990). If the party seeking disclosure relies on both grounds, the withholding of information must survive both—in other words, a party that asserts both grounds for disclosure will prevail if it succeeds on either one.

Generally when courts decide issues involving the press's right to access they resolve them on First Amendment grounds rather

---

*United States v. Bajakajian,* 84 F.3d 334, 338 (9th Cir.1996), *aff'd,* —— U.S. ——, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998).

than on the less protective common law basis. *See, e.g., Press–Enterprise Co. v. Superior Court,* 478 U.S. 1, 13, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986); *Globe Newspaper,* 457 U.S. at 602, 102 S.Ct. 2613; *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 580, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980); *Oregonian,* 920 F.2d at 1465–67; *Seattle Times v. United States Dist. Court,* 845 F.2d 1513, 1515–19 (9th Cir.1988); *Associated Press v. United States Dist. Court,* 705 F.2d 1143, 1147 (9th Cir.1983). Given the need for robust protection of a free press and the critical importance to a democratic society of the public's right to be fully informed, resolving the constitutional issues directly would ordinarily be the appropriate and sensible course for district courts to take, notwithstanding the general rule that we avoid such questions whenever possible. *See Oregon Short Line Railroad Co. v. Department of Revenue Oregon,* 139 F.3d 1259, 1264 (9th Cir.1998) (citing *Jean v. Nelson,* 472 U.S. 846, 854, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985)). In this case, however, because we affirm an order that is based on the common law, there is no cause for us to consider the constitutional questions on appeal.