**UNITED STATES of America,**
**Plaintiff,**

and

**Dow Jones and Company, Inc.,**
**Intervenor—Appellee,**

v.

**Irving KOTT, Seal A, Defendant—**
**Appellant.**

No. 04–50551.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2005.

Decided June 15, 2005.

George S. Cardona, Jeffrey B. Isaacs, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff.

Theodore J. Boutrous, Jr., Esq., Dominic Lanza, Gibson, Dunn & Crutcher, Los Angeles, CA, for Intervenor—Appellee.

Ellyn S. Garofalo, Heather Gilhooly, Liner, Yankelevitz, Sunshine & Regenstreif, LLP, Los Angeles, CA, for Defendant—Appellant.

Before: TROTT, W. FLETCHER,
Circuit Judges, and RESTANI,* Judge.

## MEMORANDUM **

As part of an investigation of appellant, Irving Kott, search warrants were approved and executed. Later, in 2003, a 48–count indictment was filed against Kott. The search warrant materials and indictment were filed under seal. They remained under seal after Kott pled guilty in June 2004 to two counts of securities violations in a separate information in exchange for dismissal of the indictment. In July 2004, intervenor Dow Jones (the publisher of the *Wall Street Journal*) moved to have an August 18, 1997 search warrant and its application (including the supporting affidavit), as well as the indictment, unsealed.

The district court granted Dow Jones's motion to unseal these materials. The district court held that a First Amendment right of access applied to both the search warrant materials and the indictment. The district court did not hold that the right of access was also based in a common law right of access, but it engaged in the balancing test under the facts of this case that essentially replicated the common law balancing test. We now affirm the district court's order to unseal these documents based on the common law right of access. We do not reach the question whether a

First Amendment right of access to these materials also applies. *See United States v. Kaczynski,* 154 F.3d 930, 932 (9th Cir. 1998).[1]

We conclude that a common law right of access applies to both the search warrant materials and the indictment. Our circuit has "long recognized the public's and the media's common-law right to inspect and copy judicial records and documents." *Id.* (citing *Valley Broad. Co. v. U.S. Dist. Ct.,* 798 F.2d 1289, 1293 (9th Cir.1986)). "To assert a common-law right of access, the media is required to make a threshold showing of a legitimate need for disclosure." *Kaczynski,* 154 F.3d at 931; *see also Nixon v. Warner Communications Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978).

Dow Jones has met its burden of showing a legitimate need by noting that the public can neither properly evaluate the fruits of the government's extensive investigation of Kott nor evaluate the plea agreement without access to the indictment. These same interests support the public's common law right of access to the search warrant materials.

Kott argues that we should not recognize a common law right of access to the search warrant materials because we previously declined to do so in *Times Mirror Co. v. U.S. District Court,* 873 F.2d 1210 (9th Cir.1989). That case is inapposite. There, we rejected a common law right of access to search warrant materials because unsealing the documents would disrupt the pre-indictment criminal investigation. *Id.* at 1219. Here, the investigation has been

---

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review for abuse of discretion the district court's order to unseal judicial records under the common law right of access. *See United States v. Kaczynski,* 154 F.3d 930, 931 (9th Cir.1998).

completed, the indictment has issued, and Kott has entered a guilty plea. While Dow Jones's legitimate need for access to the materials persists, the justification for keeping the materials sealed has now fallen away. *Cf. Phoenix Newspapers v. U.S. Dist. Ct.,* 156 F.3d 940, 947 (9th Cir.1998) (holding that "transcripts of public trial proceedings must be released when factors militating in favor of closure no longer exist").

Even where, as here, there exists a presumed common law right of access to judicial materials, that right of access is "not absolute" and "can be overridden given sufficiently compelling reasons to do so." *See Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir.2003). Kott argues that there are overriding interests to his reputation and privacy, as well as to the reputation and privacy of third-parties named in the sealed documents. Our case law supports the district court's favoring of the public's common law right of access to search warrant materials and the indictment over Kott's reputational concerns. First, reputational concerns typically do not provide sufficient reason "for suppressing speech that would otherwise be free." *McClatchy Newspapers, Inc. v. U.S. Dist. Ct.,* 288 F.3d 369, 374 (9th Cir.2002) (internal quotations and citation omitted). Second, we disagree with Kott's assertion that our decision in *Times Mirror* requires that the judicial materials remain sealed. In *Times Mirror* we noted that, at least in the context of search warrant materials, there are substantial risks to third-parties when the materials "supply only the barest details of the government's reasons for believing that an individual may be engaging in criminal activity." 873 F.2d at 1216. In this case, however, the district court reviewed the sealed materi-

als and concluded that they contain detailed explanations of the suspected involvement of all persons named in the materials.

The district court carefully balanced the public's interests in unsealing search warrant materials and the indictment against the reputational and privacy concerns of Kott and other third-parties. We hold that the district court did not abuse its discretion in ordering these sealed materials opened to the public. *See Nixon,* 435 U.S. at 599, 98 S.Ct. 1306 (holding that the decision to grant or deny access is "left to the sound discretion to be exercised in light of the relevant facts and circumstances of the particular case"); *see also Kaczynski,* 154 F.3d at 931 (noting that when a common law right of access exists, "the court must balance the media's asserted need against any asserted reasons for confidentiality").

The order of the district court is AFFIRMED.