**NOT FOR PUBLICATION**

APR 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50316 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-01215-SJO-12 |
| v. | |
| BERNARD BEARD, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50512 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-01215-SJO-9 |
| v. | |
| DEMOND LEE, AKA D-Boy, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50187 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-01268-ODW-3 |
| v. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ROBERT BELL,

　　　　　Defendant,

　v.

BERNARD BEARD,

　　　　　Movant - Appellant.

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding
Otis D. Wright, District Judge, Presiding

Argued and Submitted March 6, 2012
Pasadena, California

Before: PREGERSON, GOULD, and TALLMAN, Circuit Judges.

Bernard Beard ("Beard") and Demond Lee ("Lee") appeal their jury convictions and sentences for conspiracy to distribute controlled substances from Los Angeles to St. Louis. Beard also appeals the district court's order denying his request to obtain sealed documents subject to a protective order in the criminal case against Robert Bell ("Bell"). Lee also appeals the district court's denials of his motions to substitute counsel prior to trial. This court has jurisdiction under 28 U.S.C. § 1291, and we affirm.

**I.** Viewed in the light most favorable to the government, there was sufficient evidence for a rational jury to find that Beard and Lee were members of a single conspiracy. To establish a single conspiracy, "the evidence must show that each defendant knew, or had reason to know, that his benefits were probably dependent upon the success of the entire operation." *United States v. Duran*, 189 F.3d 1071, 1080 (9th Cir. 1999) (internal quotation marks and alteration omitted). Here, ample evidence, including recorded telephone calls, witness testimony, and physical evidence, demonstrates that both Lee and Beard benefitted from the activities of the conspirators in both Los Angeles and St. Louis. The evidence shows that Beard benefitted by receiving payments from the drug transactions, while Lee benefitted by contributing to the purchase of the drugs and transporting the drugs from Los Angeles to St. Louis.

**II.** The district court did not abuse its discretion by denying Beard's motion to sever his trial from his co-defendants. Beard fails to articulate any specific trial right of which he was deprived due to the district court's denial of his motion to sever, and the jury instructions were more than adequate to ameliorate any prejudicial effects of a joint trial. *See United States v. Vasquez-Velasco*, 15 F.3d 833, 845–46 (9th Cir. 1993) (establishing that a defendant must show "clear,

3

manifest, or undue prejudice from the joint trial, that it violates one of his substantive rights") (internal quotation marks and alteration omitted).

**III.**  Beard's counsel was not objectively deficient in stipulating to a prior felony conviction during Beard's bifurcated trial on the felon-in-possession of a firearm charge, as it is common trial strategy to prevent the jury from hearing evidence of additional convictions.  *See Old Chief v. United States*, 519 U.S. 172 (1997).

**IV.**  Beard waived the argument that the government's evidence was insufficient to prove that he suffered a prior felony drug conviction for purposes of the mandatory minimum sentence, as Beard did not challenge the "finality" of his state conviction in the sentencing court and thus waived this argument.  21 U.S.C. § 851(b) ("[A]ny challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.").

**V.**  Beard was not denied due process and the district court did not abuse its discretion by refusing to release sealed documents pertaining to Bell's case. Although Beard has a First Amendment right to access Bell's records, the district court – after giving Beard the opportunity to object – found compelling reasons to keep the record sealed.  *Oregonian Pub'g Co. v. United States Dist. Ct.*, 920 F.2d 1462, 1465–66 (9th Cir. 1990).  Further, although Beard has a common law right

4

to access Bell's records, the district court found sufficient countervailing interests that would be harmed by unsealing Bell's records and Beard has not articulated any compelling interest to outweigh that determination. *Id.* at 1467 (stating that under the common law right of access to judicial records, the party seeking access must make a threshold showing that "a compelling interest would be served by disclosure") (citation omitted); *United States v. Kaczynski*, 154 F.3d 930, 931 (9th Cir. 1998) (stating that upon making the threshold showing, the district court balances the movant's "asserted need against any asserted reasons for confidentiality").

**VI.** The district court did not abuse its discretion by denying Lee's request to substitute counsel. The court conducted a detailed inquiry into each of his motions and found that Lee's contentions did not result in an irreconcilable conflict or a complete breakdown in communication. *See United States v. Mendez-Sanchez*, 563 F.3d 935, 943 (9th Cir. 2009). The record shows that Lee and his counsel had some productive conversations, and that counsel stated that he was able to vigorously represent Lee and held no animosity towards Lee.

For the foregoing reasons, the district court is **AFFIRMED**.